UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICIA LONE,

               Plaintiff,                                Hon. Ellen S. Carmody

v.                                             Case No. 1:15-CV-1237

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/

**OPINION**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On February 22, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (ECF No. 9).

       Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.


## **PROCEDURAL POSTURE**

Plaintiff was 50 years of age on her alleged disability onset date.  (PageID.222).  She earned two Associate Degrees and worked previously as a secretary, document preparer, and residence leasing agent.  (PageID.110, 112).  Plaintiff applied for benefits on December 20, 2012, alleging that she had been disabled since November 7, 2012, due to mental disabilities, back injury, nerve damage, diabetes, paranoia, depression, diabetes, social anxiety, anger, poor communication ability, and carpal tunnel syndrome.  (PageID.222-23, 287).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (PageID.120-220).  On June 19, 2014, Plaintiff appeared before ALJ Christopher Ambrose with testimony being offered by Plaintiff and a vocational expert.  (PageID.33-99).  In a written decision dated June 23, 2014, the ALJ determined that Plaintiff was not disabled.  (PageID.105-13).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (PageID.34-37).  Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2013.  (PageID.107).  To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1]1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that as of Plaintiff's date last insured Plaintiff suffered from: (1) depression; (2) post-traumatic stress disorder (PTSD); (3) asthma; (4) right wrist pain (history of right carpal tunnel syndrome); (5) degenerative disc disease of the lumbar spine; (6) obesity; and (7) multiple joint arthralgia (osteoarthritis), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.107-09).

With respect to Plaintiff's residual functional capacity, the ALJ found that as of the date her insured status expired Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can only occasionally lift/carry 20 pounds and can frequently lift/carry 10 pounds; (2) during an 8-hour workday, she can stand/walk and sit for 6 hours each; (3) she can frequently push/pull with her right upper extremity; (4) she cannot climb ladders, ropes, or scaffolds; (5) she can only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps/stairs; (6) she must avoid concentrated exposure to excessive cold, excessive vibration, environmental irritants, and poorly ventilated areas; (7) she can perform repetitive, simple, and routine tasks (unskilled work); and (8) is limited to work where she is isolated from the public with only occasional interaction with co-workers and supervisors. (PageID.109-10).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her

limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 221,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.91-95).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

## I.          The ALJ's RFC Determination is Supported by Substantial Evidence

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.   Specifically, Plaintiff identifies three alleged shortcomings with the ALJ's RFC assessment: (1) the RFC does not sufficiently account for Plaintiff's non-exertional limitations; (2) the RFC does not sufficiently account for Plaintiff's obesity; and (3) the ALJ did not perform a

function-by-function assessment of Plaintiff's functional abilities.  As discussed below, the Court is not persuaded by any of Plaintiff's arguments.

A.      Plaintiff's Non-Exertional Limitations

The ALJ recognized that Plaintiff experiences depression and PTSD and included in his RFC assessment the limitations that Plaintiff is limited to repetitive, simple, and routine tasks (unskilled work) and is, furthermore, limited to work where she is isolated from the public with only occasional interaction with co-workers and supervisors.

Plaintiff first argues that the specific limitations articulated by the ALJ in his RFC assessment do not adequately take account of, or properly correlate with, her limitations with respect to concentration, persistence, and pace.  However, "[c]ourts have repeatedly found that in the absence of medical evidence supporting specific limitations. . .an RFC's limitation to simple repetitive tasks may very well be adequate to address a claimant's moderate impairment as to concentration, persistence, and pace."  *Kardos v. Commissioner of Social Security*, 2013 WL 1869110 at *1 (W.D. Mich., May 3, 2013).  The record does not contain specific limitations as to concentration, persistence, and pace.  Thus, the question becomes whether the evidence substantially supports the ALJ's conclusion that the aforementioned limitations sufficiently account for Plaintiff's non-exertional limitations, including those regarding concentration, persistence, and pace.

The evidence indicates that Plaintiff participated in counseling beginning in January 2013. (PageID.385-98).  Treatment records indicate that Plaintiff experienced difficulties with other family members, but exhibited unremarkable mood/affect and was not otherwise experiencing symptoms inconsistent with the ALJ's assessment.  (PageID.385-98, 436-524).  Specifically,

7

Plaintiff's mood and affect was consistently characterized as "unremarkable," "pleasant," and "normal." (PageID.395, 397, 436, 439, 455, 461, 463, 465, 467, 469, 472, 482, 485, 519). A consultive examiner determined that Plaintiff "is going to have difficulty getting along in the workplace," but did not identify any specific work-related limitations and assessed Plaintiff's GAF score as 55[2], a conclusion consistent with the observations of Plaintiff's counselors. (PageID.401-05, 471, 495). At the administrative hearing, Plaintiff testified that she was presently attending college full-time and working manufacturing jobs through a temporary services agency. (PageID.40-45). In sum, the ALJ adequately accounted for Plaintiff's non-exertional impairments when determining Plaintiff's RFC.

### B.      Plaintiff's Obesity

Plaintiff next argues that the ALJ failed to properly consider her obesity when assessing her RFC. Specifically, Plaintiff asserts that the ALJ failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002).

As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for

---

[2]  The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning.  American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994) (hereinafter DSM-IV).  A GAF score of 55 indicates "moderate symptoms or moderate difficulty in social, occupational, or school functioning."  DSM-IV at 34.

obese disability claimants").  The ALJ recognized that Plaintiff is obese and analyzed the entire record in assessing Plaintiff's residual functional capacity.  The evidence, however, does not support the argument that Plaintiff's obesity, either alone or in combination with her other impairments, impairs her to an extent greater than that recognized by the ALJ.

The record indicates that Plaintiff is five feet, six inches tall and weighed 250 pounds. (PageID.403).  Treatment notes from 2007 indicate that Plaintiff's back pain was "much improved" and that Plaintiff "is not in need of any medication at this time."  (PageID.371).  Subsequent treatment notes indicated that Plaintiff's back pain was "stable" using Motrin.  (PageID.369).  An April 23, 2013 consultive examination concluded that:

> Based on the physical findings at this point it does not appear that [Plaintiff] would require restrictions with regards to ambulating, climbing stairs, or being in a seated or standing position for long periods of time.  She has the ability to use her upper extremities for lifting, pulling, pushing or carrying.  She does appear to have full grip strength in her hands bilaterally and retains the ability to use her fingers in both hands for fine manipulation tasks.

(PageID.408).

X-rays of Plaintiff's knees, performed on November 4, 2013, revealed "mild" osteoarthritis. (PageID.554).  There is no indication in the record that Plaintiff's treating physicians imposed on Plaintiff any limitations which are inconsistent with the ALJ's RFC determination. Also, as noted above, Plaintiff's activities belie any claim that she is more limited than the ALJ recognized.  Accordingly, the Court finds that the ALJ's RFC determination sufficiently accounts for Plaintiff's obesity and the limitations reasonably imposed by such.

9

C.        Function-by-Function Analysis

Finally, Plaintiff argues that she is entitled to relief because the ALJ did not perform the "function by function analysis" required by Social Security Ruling 96-8p.  Social Security Ruling 96-8p provides that in determining a claimant's RFC, the ALJ must "assess [the claimant's] work-related abilities on a function-by-function basis."  *See* Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184 at *1 (S.S.R., July 2, 1996).

As the Sixth Circuit has recognized, however, while a "function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 547 (6th Cir., Mar. 4, 2002) (citation omitted). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."  *Id.* (citation omitted), *see also*, *Rudd v. Commissioner of Social Security*, 2013 WL 4767020 at *9 (6th Cir., Sept. 5, 2013) (SSR 96-8p merely requires the ALJ to "address a claimant's exertional and nonexertional capacities and also describe how the evidence supports her conclusions").  The ALJ discussed the evidence of record and how such supported his RFC determination.  The ALJ's rationale is supported by substantial evidence and is consistent with the authority identified above.  Thus, this argument is rejected.

## <u>CONCLUSION</u>

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  A judgment consistent with this opinion will enter.


Date:  December 28, 2016                                  /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge